Citation Nr: 1205191 
Decision Date: 02/10/12 Archive Date: 02/23/12

DOCKET NO. 10-49 107 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Indianapolis, Indiana


THE ISSUES

1. Entitlement to service connection for a skin disorder, claimed due to herbicide exposure. 

2. Entitlement to service connection for posttraumatic stress disorder (PTSD).

3. Entitlement to service connection for an acquired psychiatric disorder, including depressive disorder.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran (Appellant) and his sons


ATTORNEY FOR THE BOARD

L. Cramp, Counsel


INTRODUCTION

Appellant (the Veteran) had active service from July 1968 to July 1972. 

This appeal comes before the Board of Veterans' Appeals (Board) from a January 2009 rating decision of the RO in Indianapolis, Indiana.

The Veteran presented testimony at a Travel Board hearing, chaired by the undersigned Veterans Law Judge, seated in Indianapolis, Indiana, in October 2011. A transcript of the hearing is associated with the claims file.

The Board notes that the Veteran initiated appeals of several additional issues. In the January 2009 rating decision, the RO also denied service connection for bilateral hearing loss, tinnitus, and a nonservice-connected pension. The Veteran disagreed with those denials in October 2009 and a statement of the case was issued in December 2010; however, on the VA Form 9, the Veteran marked the box indicating that he had read the statement of the case and only wished to appeal service connection for PTSD and Agent Orange exposure. Accordingly, appeals as to the issues of service connection for bilateral hearing loss, tinnitus, and a nonservice-connected pension have not been perfected, and the Board has no jurisdiction to address them. See Hamilton v. Brown, 4 Vet. App. 528 (1993) ("where... the claimant expressly indicates an intent that adjudication of certain specific claims not proceed at a certain point in time, neither the RO nor BVA has authority to adjudicate those specific claims, absent a subsequent request or authorization from the claimant or his or her representative").

As will be discussed in the Remand below, the issue of service connection for psychiatric disorder (other than PTSD and psychotic disorder), including depressive disorder NOS, is being remanded for a medical nexus opinion. Bifurcation of a claim generally is within the VA Secretary's discretion. See Tyrues v. Shinseki, 23 Vet. App. 166, 176 (2009) (en banc), aff'd 631 F.3d 1380 (Fed. Cir. 2011). Here, the Board has found that, to the extent of diagnoses of PTSD and a psychosis, the evidence weighs against those claims; however, regarding the diagnosis of depressive disorder NOS, the claim remains viable and additional development is necessary to reach a decision on that aspect of the claim.

Accordingly, the issue of service connection for depressive disorder NOS is addressed in the REMAND below and is therein REMANDED to the RO via the Appeals Management Center (AMC) in Washington, DC.


FINDINGS OF FACT

1. On October 6, 2011, prior to the promulgation of a decision in the appeal, the Board received notification from the appellant on the record of a hearing that a withdrawal of appeal was requested regarding service connection for a skin disorder claimed due to herbicide exposure.

2. All notification and development action needed to fairly adjudicate service connection for PTSD and a psychosis has been accomplished.

3. The Veteran does not have a psychosis.

4. The Veteran engaged in combat with the enemy and his claimed stressor of being exposed to mortar attacks has been verified. 

5. The Veteran does not have PTSD.



CONCLUSIONS OF LAW

1. The criteria for withdrawal of an appeal by the appellant have been met regarding service connection for a skin disorder, claimed due to herbicide exposure. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. § 20.204 (2011).

2. The criteria for service connection for PTSD and/or a psychosis are not met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1154(b), 5103, 5103A, 5107, 7104 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304(d), (f), 3.307, 3.309 (2011).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Withdrawal of Appeal

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2002). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2011). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. 

In the present case, the appellant on the record of the October 2011 hearing withdrew the appeal of service connection for a skin disorder, claimed due to herbicide exposure; and, hence, there remain no allegations of errors of fact or law for appellate consideration with respect to that claim. Accordingly, the Board does not have jurisdiction to review the claim and it is dismissed without prejudice to refiling.

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102, 3.156(a), 3.326(a) (2011). The notice requirements of the VCAA require VA to notify the claimant of what information or evidence is necessary to substantiate the claim; what subset of the necessary information or evidence, if any, the claimant is to provide; and what subset of the necessary information or evidence, if any, VA will attempt to obtain. The Board notes that a "fourth element" of the notice requirement requesting the claimant to provide any evidence in the claimant's possession that pertains to the claim was removed from the language of 38 C.F.R. § 3.159(b)(1). See 73 Fed. Reg. 23,353-356 (April 30, 2008).

The United States Court of Appeals for Veterans Claims (CAVC) issued a decision in the appeal of Dingess v. Nicholson, 19 Vet. App. 473 (2006), which held that the notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a service-connection claim, including the degree of disability and the effective date of an award. Those five elements include: (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability.

In a July 2008 letter, the RO provided notice to the Veteran regarding what information and evidence is needed to substantiate service connection for PTSD, as well as what information and evidence must be submitted by the Veteran, and what evidence VA would obtain. The notice included provisions for disability ratings and for the effective date of the claim. 

The Board acknowledges that in Bryant v. Shinseki, 23 Vet. App. 488 (2010), the CAVC held that the provisions of 38 C.F.R. § 3.103(c)(2) require a Board hearing officer to fully explain the issues still outstanding that are relevant and material to substantiating the claim and to suggest that a claimant submit evidence on an issue material to substantiating the claim when the record is missing any evidence on that issue or when the testimony at the hearing raises an issue for which there is no evidence in the record. However, effective August 23, 2011, VA amended its hearing regulations to clarify that the regulatory provisions governing hearings before the Agency of Original Jurisdiction (AOJ) do not apply to hearings before the Board. Rather, the hearing provisions in 38 C.F.R. § 3.103, which were cited by the CAVC in Bryant, only apply to hearings before the AOJ. Board hearings are instead governed by the hearing provisions in 38 C.F.R. Part 20, subpart H. As such, the duties Bryant imposed on the Board to suggest the submission of additional evidence are no longer for application. See Federal Register, Vol. 76, No. 163. (August 23, 2011). 

Nevertheless, in this case, at the Board hearing, the undersigned Veterans Law Judge specifically advised the Veteran that a diagnosis of PTSD is required to establish service connection for PTSD, that alcohol dependence as the primary disability may not be granted, and that and Axis I diagnosis (of other than alcohol dependence), such as depressive disorder, is required to establish service connection for a psychiatric disorder other than PTSD, and that the examiner diagnosing the psychiatric disorder would need to relate the disorder back to service, that is, to establish a medical relationship to service, including evidence that the alcohol dependence was secondary to a service-connected psychiatric disorder. The Board held the record open for 60 days to allow the Veteran the opportunity to obtain a psychiatric diagnosis and medical nexus opinion. 

The Board is also satisfied VA has made reasonable efforts to obtain relevant records and evidence. Specifically, the information and evidence that has been associated with the claims file includes the Veteran's service treatment records, post-service VA treatment records, and the Veteran's statements and personal hearing testimony.

In addition, the Veteran was afforded two VA examinations, in October 2008 and May 2011. These examinations were adequate because each was performed by a medical professional based on solicitation of history and symptomatology from the Veteran, and a thorough examination of the Veteran. The resulting diagnoses and rationales were consistent with the examination and the record. Nieves-Rodriguez v. Peake, 22 Vet. App 295 (2008).


Service connection - Law and Regulations

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of continuity of symptoms after service is required for service connection. 38 C.F.R. § 3.303(b). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection for PTSD requires medical evidence establishing a diagnosis of the condition, credible supporting evidence that the claimed in-service stressor actually occurred, and a link, established by medical evidence, between the current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304(f).

In rendering a decision on appeal the Board must also analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency of evidence differs from weight and credibility. The former is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) ("although interest may affect the credibility of testimony, it does not affect competency to testify"). 

Combat Rule

In the case of a veteran who engaged in combat with the enemy in a period of war, lay evidence of in-service incurrence or aggravation of a disease or injury shall be accepted if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the lack of official record of such incurrence or aggravation. See 38 U.S.C.A. § 1154(b); Libertine v. Brown, 9 Vet. App. 521, 524 (1996); Collette v. Brown, 82 F.3d 389, 392-94 (Fed. Cir. 1996). The standard used to determine whether a veteran engaged in combat with the enemy is reasonable doubt, which is to be resolved in a veteran's favor. See VAOPGCPREC 12-99. The provisions of 38 U.S.C.A. § 1154(b), however, can be used only to provide a factual basis upon which a determination could be made that a particular disease or injury was incurred or aggravated in service, not to link the claimed disorder etiologically to a current disorder. See Libertine, 9 Vet. App. at 522-23. The provisions of 38 U.S.C.A. § 1154(b) do not establish service connection for a combat veteran; it aids him by relaxing the adjudicative evidentiary requirements for determining what happened in service. Clyburn v. West, 12 Vet. App. 296, 303 (1999). 

As it pertains to PTSD claims, where a claimed stressor is not related to combat, a veteran's lay testimony alone will not be enough to establish the occurrence of the alleged stressor. See Moreau v. Brown, 9 Vet. App. 389, 395 (1996); Dizoglio v. Brown, 9 Vet. App. 163, 166 (1996). In such cases, the record must contain service records or other corroborative evidence which substantiates or verifies the veteran's testimony or statements as to the occurrence of the claimed stressor. See West (Carlton) v. Brown, 7 Vet. App. 70, 76 (1994); Zarycki v. Brown, 6 Vet. App. 91, 98 (1993). Moreover, a medical opinion diagnosing PTSD does not suffice to verify the occurrence of the claimed in-service stressors. See Moreau v. Brown, 9 Vet. App. 389, 395-396 (1996); Cohen v. Brown, 10 Vet. App. 128, 142 (1997).

After a review of the evidence, the Board finds that the Veteran served during a period of war, and engaged in combat with the enemy. The Board also finds that the Veteran's reported stressor of being exposed to mortar attacks in service in Vietnam has been verified. 

Presumption of Service Connection for Psychosis

Where a veteran served continuously for 90 days or more during a period of war (or anytime after December 31, 1946) and a psychosis becomes manifest to a degree of 10 percent within one year from date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2002); 38 C.F.R. §§ 3.307, 3.309 (2011).

Here, a review of the record reveals that a psychosis has not been diagnosed either in service or after service, and the Veteran does not contend that he has a psychosis. Accordingly, the presumption of service connection pertaining to psychoses is not applicable.

Analysis of Service Connection for PTSD

The Veteran contends that he incurred PTSD as a result of his service in Vietnam, which includes both combat with the enemy and a verified stressor of mortar attacks on the base in Vietnam. 

After review of all of the evidence in this case, the Board finds that service connection for PTSD is not warranted. The Board finds that the weight of the evidence demonstrates that the Veteran does not have a diagnosed disability of PTSD. While the Veteran has a confirmed stressor involving his being subjected to mortar attacks at his base in Vietnam, and was engaged in the necessarily stressful event of combat with the enemy, the weight of the evidence demonstrates that the Veteran does not have a diagnosed disability of PTSD. 

While several VA outpatient records refer to a rule-out diagnosis of PTSD, this has never been confirmed. Indeed, on two occasions the Veteran was afforded a VA examination for the purpose of determining whether or not he had PTSD. In each case, it was determined that a diagnosis of PTSD was not appropriate. In October 2008, the Veteran denied concurrent PTSD symptoms, and the examiner diagnosed alcohol abuse. In May 2011, the examiner also diagnosed alcohol abuse and found that the Veteran does not meet the diagnostic criteria for PTSD. 

While the Veteran believes that he has PTSD, he has not described any qualifications regarding diagnosis of mental disorders. The Board finds that distinguishing between and among psychiatric or mental diagnoses is not capable of lay observation, but requires some professional training and expertise. The competent opinion evidence in this case weighs against a diagnosis of PTSD.

In summation of the Board's findings, as the Veteran does not have PTSD or a psychosis, service connection under the provisions of 38 C.F.R. § 3.304(f) for PTSD, or presumptive service connection under 38 C.F.R. § 3.307 and 3.309 for a psychosis, is not warranted. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 53-56.


ORDER

Service connection for a skin disorder is dismissed. 

Service connection for PTSD and a psychosis is denied.


REMAND

A remand is required in this case to ensure that there is a complete record upon which to decide the Veteran's claim. VA has a duty to make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim for the benefits sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A(a) (West 2002 & Supp. 2011); 38 C.F.R. § 3.159(c), (d) (2011).

In order to establish service connection for a claimed disorder, generally, there must be (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Regarding alcohol abuse, no compensation shall be paid if a disability is the result of a veteran's own willful misconduct, including the abuse of alcohol and drugs. See 38 U.S.C.A. §§ 105, 1110 (West 2002); 38 C.F.R. §§ 3.1(n), 3.301 (2011); see also VAOPGCPREC 2-97. The law precludes compensation for primary alcohol abuse disabilities, and secondary disabilities that result from primary alcohol abuse. Allen v. Principi, 237 F.3d 1368 (Fed. Cir. 2001). Nevertheless, the law does permit compensation for an alcohol or drug abuse disability acquired as secondary to, or as a symptom of, a service-connected disability. Allen, supra. 

With respect to current disability, the Veteran has been diagnosed with depressive disorder NOS by VA clinicians in October 2010 and November 2010. This was not listed as a rule-out diagnosis, but appears to be a confirmed diagnosis. 

Concerning the question of in-service disease or injury, the Veteran has testified that he experienced symptoms of anxiety, fear, and poor sleep in service, and he attributed these to the constant threat of being hit with rockets. He testified that he did not seek any kind of treatment during service. He also testified that he experienced depression in service regarding being away from family and not knowing whether he was going to make it. He testified that he has experience such symptoms off and on since service and currently. 

The Board notes that no VA or private medical report is of record with an etiology opinion specifically addressing the question of relationship of depressive disorder NOS to active service. This case presents certain medical questions which cannot be answered by the Board. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (the Board is prohibited from exercising its own independent judgment to resolve medical questions). These questions concern the relationship, if any, between the Veteran's diagnosed depressive disorder NOS and his military service. These questions must be addressed by an appropriately qualified medical professional. See Charles v. Principi, 16 Vet. App. 370 (2002); see also 38 C.F.R. § 3.159(c)(4) (2011) (a medical examination or opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim). 

In disability compensation (service connection) claims, VA must provide a medical examination and medical opinion when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, and (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with service or with another service-connected disability, but (4) insufficient competent medical evidence on file for the VA to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

With respect to the factor of relationship of current disability to service, the United States Court of Appeals for Veterans Claims has indicated that this element establishes a low threshold and requires only that the evidence "indicates" that there "may" be a nexus between the current disability or symptoms and a veteran's service. The types of evidence that "indicate" that a current disability "may be associated" with military service include, but are not limited to, medical evidence that suggests a nexus but is too equivocal or lacking in specificity to support a decision on the merits, or credible evidence of continuity of symptomatology such as pain or other symptoms capable of lay observation. McLendon, 20 Vet. App. at 83; see also Waters v. Shinseki, 601 F.3d 1274 (Fed. Cir. 2010) (while there must be "medically competent" evidence of a current disability, "medically competent" evidence is not required to indicate that the current disability may be associated with service).

Given the competent evidence of psychiatric symptoms in service and after service, and the current diagnosis of depressive disorder NOS, the Board finds that a medical nexus opinion is required to determine whether the current major depressive disorder is causally related to active service. 

Accordingly, the case is REMANDED for the following action:

1. Obtain a supplemental opinion from the VA psychological examiner who conducted the May 2011 examination. If the examiner is not available, obtain an opinion from another medical professional. If the reviewer determines that additional examination of the Veteran is necessary to provide a reliable opinion, such examination should be scheduled. However, the Veteran should not be required to report for another examination simply as a matter of course, if it is not found to be necessary. The relevant documents in the claims folder should be made available to and reviewed by the reviewer/examiner. 

Specifically, the VA reviewer/examiner is requested to offer Axis I diagnosis or diagnoses of any current psychiatric disorders the Veteran has. The VA reviewer/ examiner should note and discuss the diagnosis of depressive disorder NOS as listed in VA outpatient reports in October 2010 and November 2010, as well as diagnoses of alcohol dependence. 

The VA reviewer/examiner is requested to offer an opinion as to whether any currently diagnosed psychiatric disorder, including depressive disorder, if diagnosed, is at least as likely as not (i.e., to at least a 50-50 degree of probability) causally or etiologically related to the Veteran's active service, including the stressful events of combat and mortar attacks during service in Vietnam. 

If an Axis I primary diagnosis (other than alcohol dependence) is rendered, the VA reviewer/examiner should offer an opinion as to whether the alcohol dependence is either caused or permanently worsened in severity by the Axis I diagnosed disorder. 

Unless specific contradictory evidence is noted, the reviewer/examiner should consider the Veteran's account of his symptoms in service and after service as true and accurate.

Note: The term "at least as likely as not" does not mean merely within the realm of medical possibility, but that the medical evidence for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as it is to find against it.

All opinions are to be accompanied by a rationale consistent with the evidence of record. If the requested medical opinion cannot be given, the reviewer/examiner should state the reason(s) why.

2. After completing the requested actions, and any additional notification and/or development deemed warranted, the issue of service connection for a psychiatric disorder that includes major depressive disorder should be readjudicated in light of all the evidence of record. If the benefit sought on appeal remains denied, the RO should furnish to the Veteran an appropriate Supplemental Statement of the Case, and should afford the Veteran the appropriate time period for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



______________________________________________
J. Parker
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs