Citation Nr: 1302153 
Decision Date: 01/18/13 Archive Date: 01/23/13

DOCKET NO. 07-36 996 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office 
in Des Moines, Iowa


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

J. W. Kim, Counsel




INTRODUCTION

The Veteran served on active duty from September 1966 to September 1968. 

These matters come before the Board of Veterans' Appeals (Board) from a February 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Des Moines, Iowa.

In a February 2010 decision, the Board reopened the claim for service connection for bilateral hearing loss and remanded the reopened claim and the claim for service connection for tinnitus to the RO for further development.

In an October 2011 decision, the Board denied service connection for bilateral hearing loss and tinnitus. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In an Order, dated in June 2012, the Court granted an amended Joint Motion for Remand of the parties, the VA Secretary and the Veteran, and remanded the case for readjudication consistent with the Motion. In the Motion, the parties agreed that the Board did not directly discuss the applicability of 38 C.F.R. § 3.303(b), specifically noting that the Board did not address August 2004 and November 2007 statements from the Veteran indicating a continuity of hearing loss and tinnitus symptomatology since service.


FINDINGS OF FACT

1. The Veteran's bilateral hearing loss did not have its onset during active service or for many years thereafter, and it is not causally related to active service.

2. The Veteran's tinnitus did not have its onset during active service or for many years thereafter, and it is not causally related to active service.




CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss are not met. 38 U.S.C.A. 38 U.S.C.A. §§ 101, 1101, 1110, 1112, 1113, 1137, 5107 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2012). 

2. The criteria for service connection for tinnitus are not met. 38 U.S.C.A. §§ 1110, 5107 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.303 (2012).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act (VCAA)

Before addressing the merits of the issues of entitlement to service connection for bilateral hearing loss and tinnitus, the Board notes that VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.159, 3.326(a) (2012).

Proper notice from VA must inform the claimant and his representative, if any, prior to the initial unfavorable decision on a claim by the agency of original jurisdiction (AOJ) of any information and any medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002). These notice requirements apply to all five elements of a service-connection claim (Veteran status, existence of a disability, a connection between the Veteran's service and the disability, degree of disability, and effective date of the disability). Dingess v. Nicholson, 19 Vet. App. 473 (2006). Information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded must be included. Id.

Neither the Veteran nor his representative has alleged prejudice with respect to notice, as is required. See Shinseki v. Sanders, 129 S. Ct. 1696 (2009); Goodwin v. Peake, 22 Vet. App. 128 (2008); Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). None is found by the Board. Indeed, VA's duty to notify has been satisfied. The Veteran was notified via letter dated in September 2006 of the criteria for establishing service connection, the evidence required in this regard, and his and VA's respective duties for obtaining evidence. He also was notified of how VA determines disability ratings and effective dates. This letter accordingly addressed all notice elements and predated the initial adjudication by the AOJ/RO in February 2007. 

Next, VA has a duty to assist the veteran in the development of the claim. This duty includes assisting him in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

All necessary development has been accomplished in this case and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). The claims file contains the Veteran's service treatment records, as well as post-service reports of VA and private treatment and examination. The Veteran's statements in support of the claims are of record. The Board has carefully reviewed such statements and concludes that no available outstanding evidence has been identified. The Board has also perused the medical records for references to additional treatment reports not of record, but has found nothing to suggest that there is any outstanding evidence with respect to the claims. 

VA has also provided the Veteran with VA examinations to determine the nature and etiology of his disabilities. 38 C.F.R. § 3.159(c)(4). To that end, when VA undertakes to provide an examination or obtain an opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). As will be discussed in detail below, the Board remanded the appeal in February 2010 to obtain a medical opinion addressing inadequacies in the January 2005 and February 2007 VA examination reports. The Board finds the June 2010 VA examination report to be thorough and adequate upon which to base a decision with regard to the Veteran's claims. The examiner personally interviewed and examined the Veteran, including eliciting a history from the Veteran, and provided the information necessary to decide the claims. The Board finds the opinions to be more than adequate, as they were predicated on a full reading of the private and VA medical records in the claims file as well as the Veteran's own statements. 

In the February 2010 remand, the Board requested that the RO/AMC obtain outstanding VA medical records and afford the Veteran a VA examination to obtain an opinion. Accordingly, the AMC obtained the records and, as indicated above, afforded the Veteran a VA examination in June 2010. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999).

As this case has already been remanded for a current evaluation and nexus opinion and the evidence includes the Veteran's service treatment records, post-service treatment reports, several VA examinations and opinions, and a private medical opinion, the Board does not agree with the September 2011 request on behalf of the Veteran that this case should be remanded for another evaluation.

Given the above, no further notice or assistance is required to fulfill VA's duty to assist. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001).

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303(a) (2012). That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). Service connection may be also granted for any disease diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

If sensorineural hearing loss is manifested to a degree of 10 percent within one year after separation from service, the disorder may be presumed to have been incurred in service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.307, 3.309 (2012). 

Service connection requires competent evidence showing (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004), citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002). 

The determination as to whether the requirements for service connection are met is based on an analysis of all of the evidence of record and the evaluation of its credibility and probative value. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 3.303(a). See Baldwin v. West, 13 Vet. App. 1 (1999). 

In the case of any veteran who has engaged in combat with the enemy in active service during a period of war, satisfactory lay or other evidence that an injury or disease was incurred or aggravated in combat will be accepted as sufficient proof of service connection if the evidence is consistent with the circumstances, condition or hardships of such service, even though there is no official record of such incurrence or aggravation. Every reasonable doubt shall be resolved in favor of the veteran. 38 U.S.C.A. § 1154(b) (West 2002); 38 C.F.R. § 3.304(d) (2012). 

However, 38 U.S.C.A. § 1154(b) can be used only to provide a factual basis upon which a determination could be made that a particular disease or injury was incurred or aggravated in service, not to link the claimed disorder etiologically to the current disorder. See Libertine v. Brown, 9 Vet. App. 521, 522-23 (1996). Section 1154(b) does not establish service connection for a combat veteran; it aids him by relaxing the adjudicative evidentiary requirements for determining what happened in service. A veteran must still generally establish his claim by competent medical evidence tending to show a current disability and a nexus between that disability and those service events. See Gregory v. Brown, 8 Vet. App. 563, 567 (1996). 

Impaired hearing is considered a disability for VA purposes when the auditory threshold in any of the frequencies of 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; the thresholds for at least three of these frequencies are 26 or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2012). Moreover, the threshold for normal hearing is from 0 to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

In this case, the Veteran contends that his hearing loss and tinnitus are due to his combat service in the Republic of Vietnam. On his initial August 2004 claim for service connection for hearing loss, he stated that while in Vietnam serving as a combat engineer he had been continuously exposed to loud demolition explosions, small arms fire, mortar fire, artillery, gunships, and close air support bombing and strafing fire. He noted that he had hearing loss in Vietnam and it has worsened over the years. On his November 2007 VA Form 9, he stated that his hearing loss and tinnitus started in service and became so bad that in about 1999 they became an evident problem.

The Veteran's service treatment records do not reveal any complaints or findings of hearing loss or tinnitus. Puretone thresholds on induction audiological examination in March 1966 and separation evaluation in August 1968 are all 5 decibels or lower.

Thus, no hearing loss or tinnitus was shown in service. However, the absence of in-service evidence of hearing loss is not fatal to a claim for service connection. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Competent evidence of a current hearing loss disability (i.e., one meeting the requirements of 38 C.F.R. § 3.385, as noted above) and a medically sound basis for attributing such disability to service may serve as a basis for a grant of service connection for hearing loss. See Hensley v. Brown, 5 Vet. App. 155, 159 (1993). Medical nexus evidence also is needed to support the Veteran's claim for service connection for tinnitus. 

A February 2003 private treatment note reflects the Veteran's complaints of hearing loss for the last three years. He denied tinnitus. He reported post-service loud noise exposure; he drove a truck for UPS. The diagnosis was of asymmetric hearing loss.

A March 2003 private treatment note reflects diagnoses of asymmetric sensorineural hearing loss and vestibulitis.

A January 2005 VA examination report reflects the Veteran's complaints of a gradual decrease in hearing. He denied tinnitus. He reported in-service noise exposure serving as a combat engineer in Vietnam. He also reported post-service occupational noise exposure as a UPS truck driver for 28 years. Audiological evaluation showed bilateral sensorineural hearing loss beginning at 3000 Hertz on the right and at 2000 Hertz on the left. The examiner concluded that it was less than likely that the Veteran's hearing loss is related to service because hearing was normal at service discharge and the Veteran noted the onset of hearing difficulties sometime after service. The examiner further concluded that it was likely that the Veteran's hearing loss is due to noise exposure subsequent to service.

February 2006 VA treatment notes reflect the Veteran's report that his tinnitus began in the left ear approximately one month earlier; he was unsure if he had tinnitus in the right ear. 

A February 2006 private treatment note reflects a history of loud noise exposure in service. The Veteran reported that he was a combat engineer. He also reported that he used to work at UPS and drove a truck that was "pretty noisy." He complained of tinnitus in the left ear.

An April 2006 VA treatment note reflects the Veteran's reported history of reduced hearing of a gradual onset and tinnitus for many years. He reported noise exposure in service as well as post-service occupational noise exposure as a truck driver and recreationally. 

A February 2007 VA examination report reflects a history of in-service noise exposure as a combat engineer, occupational noise exposure as a truck driver, and occasional recreational noise exposure in woodworking. The Veteran reported having constant bilateral tinnitus that has been present for the past few years. The examiner noted that the Veteran denied having tinnitus during the January 2005 VA examination and during private treatment in 2003. The examiner concluded that the Veteran's bilateral hearing loss was not related to service. The examiner noted that hearing was normal at service discharge and only out of normal range at 4000 Hertz in 2003. The examiner also concluded that the Veteran's tinnitus was not related to service. The examiner noted that tinnitus was not present in 2003 or 2005 and is of a more recent onset.

An August 2007 medical report from Dr. Redman, a private physician, reflects that the Veteran had a significant history of noise exposure in service. An audiogram showed a moderate to high frequency sensorineural hearing loss, symmetrical in nature, with 80 percent discrimination on the right and 72 percent on the left. The assessment was of a history of significant noise exposure in the military with associated sensorineural hearing loss with tinnitus.

July 2009 statements from two of the Veteran's commanders in service reflect that the Veteran was exposed to very high noise levels from heavy equipment, tanks, machine guns, and small arms fire.

In February 2010, the Board noted the assertions by the Veteran's representative that the 2005 and 2007 VA examinations were inadequate, in that the audiologist failed to state the rationale for her opinions that the Veteran's post-service noise exposure outweighed significant noise exposure during military service, and also failed to consider Dr. Redman's subsequent August 2007 medical opinions. To ensure due process, the Board requested that the RO obtain a medical opinion addressing the above inadequacies. 

Accordingly, the AMC scheduled the Veteran for a VA examination in June 2010. The examination report reflects the examiner's review of the pertinent evidence, including Dr. Redman's opinion. After examination, the examiner diagnosed the Veteran with mild to moderate high frequency sensorineural hearing loss in the right ear and moderately severe high frequency sensorineural hearing loss in the left ear, and tinnitus. The examiner concluded that the Veteran's bilateral hearing loss was not caused by or a result of noise exposure in service. The examiner noted that the Veteran's hearing had been within normal limits, with no significant threshold shifts, on audiological examination as of one month before service separation and defective hearing was not shown until a number of years after separation. The examiner noted that Dr. Redman's opinion was based primarily on the Veteran's description of noise exposure in service and did not include a review of the claims files. The examiner also concluded that the Veteran's tinnitus was not caused by or a result of noise exposure in service. The examiner noted that the Veteran denied having tinnitus until 2006. 

Evidence added to the claims files in October 2011 includes information on the types of hearing loss and a noise study completed in the same type of vehicle which the Veteran operated for UPS, which was noted to be below the 85 decibel threshold for the Occupational Health and Safety Administration.

The Veteran is a combat veteran. As noted above, although Section 1154(b) lowers the evidentiary burden for establishing the presence of a disease or injury in service, it does not negate the need for medical evidence of a current disability and medical evidence of a nexus between a current disability and active service. See Libertine, 9 Vet. App. at 524; Caluza v. Brown, 7 Vet. App. 498, 507 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996); Collette v. Brown, 82 F.3d 389 (Fed. Cir. 1996).

The above evidence reveals that the initial notation of hearing problems was in February 2003, when the Veteran reported a three-year history of hearing loss. The first indication of tinnitus was in February 2006, when the Veteran reported that tinnitus in the left ear began one month earlier. Thus, the Board finds that the Veteran's bilateral hearing loss and tinnitus did not have their onset during active service or for many years thereafter. While not dispositive, the passage of many years between discharge from active service and any medical complaints or documentation of a claimed disability is a factor that weighs against a claim for service connection. See Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000). 

Although there is medical evidence in favor of the claims, the Board finds that the evidence against the claims has more probative value. See Hayes v. Brown, 5 Vet. App. 60, 69-70 (1993) (citing Wood v. Derwinski, 1 Vet. App. 190, 192-93 (1992)). Dr. Redman opined that the Veteran's bilateral hearing loss and tinnitus were causally related to in-service noise exposure. However, Dr. Redman did not review the Veteran's claims file, which includes evidence against the claims, including the Veteran's significant post-service occupational noise exposure. Dr. Redman did not otherwise acknowledge such evidence against the claims. In contrast, the June 2010 VA examiner discussed the pertinent evidence, including Dr. Redman's opinion and the Veteran's report of continuity of symptoms, but concluded that the Veteran's bilateral hearing loss and tinnitus were not due to in-service noise exposure. In doing so, the examiner discounted Dr. Redman's opinion and the Veteran's report of continuity of symptomatology. Thus, the Board finds that the weight of the probative medical evidence shows that the Veteran's bilateral hearing loss and tinnitus are not causally related to active service.

The Board notes the Veteran's assertions that he has had hearing loss and tinnitus since active service. He is competent to give evidence about observable symptoms such as hearing loss and tinnitus. Layno v. Brown, 6 Vet. App. 465 (1994). Furthermore, lay evidence concerning continuity of symptoms after service, if credible, is ultimately competent, regardless of the lack of contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). 

To the extent that the Veteran is claiming to have experienced continuous hearing loss and tinnitus since active service, he is not found to be credible. Again, his service treatment records reflect no complaints of hearing loss or tinnitus. There is no medical evidence of hearing loss after discharge until February 2003, at which time he dated the onset of the disability to 2000, and no medical evidence of tinnitus until February 2006, at which time he dated the onset of the disability to one month earlier. The Board notes his August 2004 statement that he has had hearing loss since Vietnam and his November 2007 statement that his hearing loss and tinnitus started in service and became so bad that in about 1999 they became an evident problem. However, the Board finds his contemporaneous statements regarding the onset of his disabilities made during the receipt of medical care in February 2003 and February 2006 to be most probative. See Hayes, 5 Vet. App. at 69-70. Lastly, if he had experienced hearing loss and tinnitus continuously since active service, it would be reasonable to expect that he would have filed a disability claim much sooner than in August 2004 and August 2006, respectively. The Board notes that he only claimed for hearing loss in August 2004, further reducing the probative value of his statement that he has had tinnitus since active service. 

Given the above, the Board finds that the statements alleging or implying continuity of symptoms are not credible here. Therefore, continuity of symptomatology is not established by either the competent evidence or the Veteran's own statements. See 38 C.F.R. § 3.303(b). Moreover, the weight of the probative medical evidence does not relate the current hearing loss or tinnitus to active service.

In conclusion, service connection for bilateral hearing loss and tinnitus is not warranted. The Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claims, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b) (West 2002); 38 C.F.R. § 3.102 (2012); Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).


ORDER

Service connection for bilateral hearing loss is denied.

Service connection for tinnitus is denied.



____________________________________________
F. JUDGE FLOWERS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs