http://www.va.gov/vetapp16/Files6/1644925.txt

Citation Nr: 1644925 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 14-25 654 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah

THE ISSUES

1. Entitlement to service connection for lower back disorder.

2. Entitlement to an effective date earlier than August 23, 2012 for the grant of service connection for posttraumatic stress disorder.

3. Entitlement to service connection for right knee disorder.

4. Entitlement to service connection for left knee disorder.

REPRESENTATION

Appellant represented by: James McElfresh - Agent

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Martha R. Luboch, Associate Counsel

INTRODUCTION

The Veteran had active duty service from October 1995 to February 1999, August 2004 to June 2006, and April 2009 to June 2010. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a December 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Salt Lake City, Utah, which in pertinent part, granted service connection for posttraumatic stress disorder with an evaluation of 50 percent effective August 23, 2012, and denied service connection for a lower back disorder, and a right and left knee disorder.

The Veteran testified at a hearing before the undersigned Veterans Law Judge in September 2015. A transcript of the hearing has been associated with the claims file.

The Board notes that there has been additional evidence associated with the Veteran's claims file since the last issuance of a supplemental statement of the case (SSOC). However, in September 2015, the Veteran through his representative waived his right of AOJ review. 

The issues of entitlement to service connection for a right and left knee disorder as well as entitlement to an effective date earlier than August 23, 2012, for the grant of service-connection for PTSD, are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.

FINDING OF FACT

The record does not reflect that the Veteran's low back disability is causally or etiologically related to service or that arthritis was incurred within one year of service.

CONCLUSION OF LAW

The criteria for service connection for a low back disability have not been met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duty to Notify and Assist

Under the Veterans Claims Assistance Act (VCAA), when VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 C.F.R. § 3.159 (2015); see also Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Such notice must advise that a disability rating and an effective date for the award of benefits will be assigned if there is a favorable disposition of the claim. Id.; 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.159, 3.326 (2015); see also Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II). 

Prior to initial adjudication of the Veteran's claim for his low back condition, September 2013 and November 2013 letters fully satisfied the duty to notify provisions of the VCAA. 38 U.S.C.A. § 5103; 38 C.F.R. § 3.159 (b)(1); Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002). 

With respect to the duty to assist, the Veteran's service treatment records and VA treatment records have been obtained and associated with the claims file. Additionally, the Veteran was afforded a VA examination in November 2013 and an addendum opinion was obtained in December 2013. The examiner was provided with an accurate medical history, the Veteran's history and complaints were noted, and the examination report set forth detailed findings. As such, the Board finds that the examination is adequate. See Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007).

In September 2015, the Veteran was afforded a Board hearing before the undersigned Veterans Law Judge (VLJ) in support of his claims. In Bryant v. Shinseki, 23 Vet. App. 48, the Court held that 38 C.F.R. § 3.103 (c)(2) requires that the hearing officer who chairs a hearing fulfill two duties to comply with the above regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked.

Neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103 (c)(2), nor have they identified any prejudice in the conduct of the Board hearing. By contrast, the hearing focused on the elements necessary to substantiate the claims, and the Veteran, through his testimony, demonstrated that he had actual knowledge of those elements. The VLJ asked questions directed at identifying any outstanding evidence that might help support the Veteran's claims, such as whether all of the Veteran's relevant private treatment reports were of record, and whether any of the Veteran's doctors had opined that his condition was related to service. The Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103 (c)(2).

The Veteran and his representative have not made the RO or the Board aware of any additional pertinent evidence that needs to be obtained in order to fairly decide the issue addressed in this decision, and have not argued that any error or deficiency in the accomplishment of the duty to assist has prejudiced him in the adjudication of this issue. As there is no indication that there are additional records that need to be obtained that would assist in the adjudication of the Veteran's lower back condition claim, the duty to assist has been fulfilled.

II. Service Connection

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. This means that the facts establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303 (a). 

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Hickson v. West, 12 Vet. App. 247, 253 (1999); Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F. 3d 604 (Fed. Cir. 1996) (table). 

Service connection will also be presumed for certain chronic diseases, including arthritis, if manifest to a compensable degree within one year after discharge from service. See 38 C.F.R. §§ 3.307, 3.309 (2015).

Service treatment records from October 1996 indicate that the Veteran experienced lower mid-back pain. The Veteran reported that he did not know the method of injury and that it had just started hurting. The impression was muscle strain to be treated with heat. The Veteran was instructed to return in one week if his symptoms persisted or got worse. The Veteran's service treatment records do not document any additional treatment.

In March 2009, on his Report of Medical History, the Veteran reported that he did not experience any recurrent back pain or any back problem. On his March 2010 post-deployment health assessment, the Veteran reported going to sick call for back pain. 

The Veteran was afforded a VA examination in November 2013. The examiner noted a diagnosis of bilateral L5 parts defects with grade 1 spondylolisthesis, based on X-rays performed. The Veteran reported that his back pain has been ongoing since 1996 but did not note any trauma. The Veteran stated that the routine walking around with heavy loads caused his back pain. The symptoms were tightness with sharp pains in the lower lumbar region throughout the day, worse at night and "pulsating pain". The Veteran reported treating his pain with Motrin. The Veteran stated that his current symptoms include back pain mid-day, described as lower left lumbar ache, generalized lower lumbar throb at night, tightness, and sharp pain with twisting. The Veteran stated that his symptoms are aggravated with sudden movements and heavy lifting. 

In the November 2013 report and December 2013 addendum, it was concluded the current disability was unrelated to service. The November 2013 examiner cited to an Institute of Medicine update regarding health effects of service in the Gulf War, to conclude against finding an environmental exposure would have caused the Veteran's back disability, and the December 2013 reviewing physician viewed the record as establishing the Veteran's 1996 complaint had resolved, (or in his words, "durationally nonsevere"), which was supported by the lack of any follow-up. The logical inference is that were there a connection between the current findings and the injury, there necessarily would have been seen records of follow-up. Here, there are no such records, and indeed, there are intervening reports where the Veteran denies experiencing back pain. 

On this record the Board concludes the greater weight of the evidence is against the claim. Notably, the only medical opinion of record is against the claim. Specifically, the VA physician in December 2013 found that the Veteran's lower back disability was less likely than not incurred in or caused by the claimed in-service injury, event or illness. The examiner based his conclusion on a review of the Veteran's claims file to include the in-person November 2013 VA examination, as well the Veteran's lay statements. As this examination was based on a full review of the Veteran's claims file, as well as an in-person examination, and provided a factually accurate, fully articulated, and sound reasoning for the opinion rendered, the Board finds this examination to be highly probative. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008)(holding that it is the factually accurate, fully articulated, sound reasoning that contributes to the probative value of a medical opinion). As indicated, there are no competent medical opinions of record indicating otherwise. 

With regard to the Veteran's lay statements, the Board notes that there is no question that the Veteran can report symptoms, specifically that his back hurts him and that it hurt him service; however, the Veteran's statements to the effect that his low back disability is related to service are not competent. The Veteran has not shown that he has the necessary training to make such determinations and therefore his statements on etiology are not afforded any probative value. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007); citing Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir.2006)) (though the Federal Circuit held that lay evidence may be competent to establish a diagnosis of a condition, it did not state that lay evidence may be used to determine medical etiology). 

With regard to the Veteran's statements that his back hurt him in service and has continued since, the Board notes that on his Application for Compensation and/or Pension filed in August 2012, the Veteran reported that his lower back pain began in February 1996. However, beyond the Veteran's one occasion of back strain in service, his service treatment records do not document any additional treatment for back pain. Instead, in November 1998, May 2006, and March 2009, the Veteran reported that he experienced no back pain. Therefore, the Board finds the Veteran's statements that his back pain began in February 1996 and continued are outweighed by the other probative evidence of record. 

Additionally, the Board notes that at the Veteran's September 2015 Board hearing, the Veteran asserted that his doctor explained to him that due to his service, his back disability probably came from that. See September 2015 BVA Hearing, p.10. However, this conversation is not reflected in any document and given the aforementioned VA medical opinion, what this doctor may have said and what the Veteran understood, may not be the same thing. Therefore, the Veteran's report of what he was told is accorded little probative weight. 

The Board additionally acknowledges the treatise evidence submitted by the Veteran's representative. Specifically, evidence from the Massachusetts General Hospital, which stated that many people with spondylolysis have no symptoms and do not even know that they have the condition; evidence from Army Parachute Science, which states that military parachuting is more akin to jumping out of a moving truck and injuries involve all extremities including the back, and knees; and evidence which states that parachuting is well known to cause injury to the spinal column, most commonly vertebral body fractures unassociated with spinal cord or nerve root damage.

Generic medical literature which does not apply medical principles regarding causation or etiology to the facts of an individual case does not provide competent evidence to establish a nexus. See Libertine v. Brown, 9 Vet. App. 521, 523 (1996). The exception to this competency rule is when the medical treatise information, where "standing alone, discusses generic relationships with a degree of certainty such that, under the facts of a specific case, there is at least plausible causality based upon objective facts rather than on an unsubstantiated lay medical opinion." Wallin v. West, 11 Vet. App. 509, 513 (1998). 

The Board finds that none of the material submitted in this case appears to meet the standard set forth in Wallin because it does not delve into an association between the Veteran's service and his current demonstrated disability. Instead, these articles contain only general findings, which, standing alone, are insufficient to lend significant support to the Veteran's claim. See Mattern v. West, 12 Vet. App. 222, 228 (1999) (noting the pertinent medical literature may be considered probative evidence in support of a claim for service connection, but only in combination with a medical nexus opinion). Therefore, the Board finds that these articles are outweighed by the probative medical evidence of record, which establishes that the Veteran's low back condition is not related to his active duty service. 

Because the evidence preponderates against the claim of service connection for a low back disability, the benefit-of-the-doubt doctrine is inapplicable, and the claim must be denied. 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990).

ORDER

Service connection for a lower back disability is denied.

REMAND

With respect to the claim for an earlier effective date for service connection for PTSD, the Veteran through his representative is now contending there was error in the original 2002 decision that had denied the claim. As this theory of entitlement has not yet been considered by the RO, and if error were found, the result would significantly impact the outcome of this appeal, the Board will defer consideration of the earlier effective date claim until the RO adjudicates, in the first instance, the claim of error in the 2002 decision. 

With respect to the knee claim, the Veteran has asserted that he has had ongoing knee pain since service. While a diagnosis does not appear in the record, if it is established the Veteran served in the Southwest Asia theater of operations, the complaint itself could establish entitlement to benefits. 38 U.S.C.A. § 1117; 38 C.F.R. § 3.317. Here, the Veteran is shown to have served in Afghanistan, but it is not clear if he served in the Southwest Asia theater of operations as that has been defined for VA purpose. As such, a remand is necessary to more precisely identify the places of the Veteran's foreign service. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ must adjudicate the claim of clear and unmistakable error in the RO's July 2002 rating decision that denied service connection for PTSD, which the Veteran raised at his September 2015 Board hearing. Thereafter, the AOJ must reconsider the Veteran's claim of entitlement to an effective date earlier than August 23, 2012, for service connection for PTSD.

2. The AOJ should contact the appropriate sources to establish whether or not the Veteran served in the Southwest Asia theater of operations. The efforts in this regard should be documented. 

3. If the Veteran is found to have served in the Southwest Asia theater of operations, the AOJ should obtain an addendum medical opinion from an appropriate person to address whether the Veteran's knee complaints may be considered a disability for VA purposes, and related to his military service. If it is necessary to examine the Veteran for this purpose, that should be arranged. Any opinion expressed should be supported by a clear rationale. 

4. In the event any claim remains denied, the Veteran and his representative should be provided a supplemental statement of the case, which sets out the reasons for the AOJ's conclusions. After appropriate time for response, the case should be returned to the Board. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs