Richard A. LIBERTINE, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93-865.

United States Court of Veterans Appeals.

Nov. 25, 1996.

**522**

Kenneth M. Carpenter and Kelly C. Whitford, Topeka, KS, were on the pleadings for appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and A.M. Fent, Washington, DC, were on the brief for the appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

KRAMER, Judge, filed the opinion of the Court. NEBEKER, Chief Judge, filed a concurring opinion.

KRAMER, Judge:

The appellant appeals from a May 10, 1993, decision of the Board of Veterans' Appeals that denied entitlement to service connection for alcohol and drug dependence as secondary to his service-connected post-traumatic stress disorder (PTSD). On April 8, 1996, the Court ordered the appellant to show cause why the Court should not find to be not well grounded the appellant's claim of entitlement to service connection for alcohol and drug dependence as secondary to his service-connected PTSD. On July 3, 1996, the appellant filed his response.

**I.**

Under 38 C.F.R. § 3.310(a) (1995), secondary service connection shall be awarded when a disability "is proximately due to or the result of a service-connected disease or injury...." Additional disability resulting from the aggravation of a non-service-connected condition by a service-connected condition is also compensable under 38 C.F.R. § 3.310(a). See Allen v. Brown, 7 Vet.App. 439, 448 (1995) (en banc). A claim for secondary service connection, like all claims, must be well grounded. 38 U.S.C. § 5107(a); see Proscelle v. Derwinski, 2 Vet.App. 629, 633 (1992). A claim is well grounded if it is "plausible." Murphy v. Derwinski, 1 Vet. App. 78, 81 (1990). Where the determinative issue involves medical etiology or a medical diagnosis, competent medical evidence that a claim is "plausible" or "possible" is generally required for the claim to be well grounded. See Heuer v. Brown, 7 Vet.App. 379, 384 (1995); Grottveit v. Brown, 5 Vet.App. 91, 93 (1993). Lay persons cannot fulfill this function because lay persons are not competent to offer medical opinions. See Grottveit, supra; Espiritu v. Derwinski, 2 Vet.App. 492, 494 (1992). The determination of whether a claim is well grounded is subject to de novo review by this Court. See Robinette v. Brown, 8 Vet.App. 69, 74 (1995).

The appellant concedes that there is no direct medical evidence of a causal con-

nection between his service-connected PTSD and his alcohol and drug abuse, but nevertheless argues that his own statements taken together with various medical authorities, including the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (3d ed. Rev.) [hereinafter DSM III–R]; the PHYSICIAN'S GUIDE FOR DISABILITY EVALUATION EXAMINATIONS, VA Department of Medicine and Surgery (1985); and two treatises, POST-TRAUMATIC STRESS DISORDER: A HANDBOOK FOR CLINICIANS (Tom Williams, ed., 1987), and STRESS AND ADDICTION (Brunner/Mazel Psychosocial Stress Series No. 9, 1987), constitute the requisite competent medical evidence needed to show a nexus between his service-connected PTSD and his alcohol and drug abuse. Appellant's Response at 11–13.

Assuming, without deciding, that all treatise evidence referenced above is properly before the Court, *see Obert v. Brown*, 5 Vet. App. 30, 32 (1993), none of it provides medical evidence demonstrating a causal relationship between this appellant's service-connected PTSD and his alcohol and drug abuse. *See Beausoleil v. Brown*, 8 Vet.App. 459, 463 (1996) (finding doctor's statement which does not link chest trauma specifically to appellant's current condition, but rather contains only a generic statement of linkage between chest trauma and restrictive lung disease, too general and inconclusive to make claim well grounded).

In light of the above, the only evidence of record specifically linking the appellant's alcohol and drug dependence to his service-connected PTSD is the appellant's own contentions. The appellant, however, cannot, as a lay person, offer a medical opinion. *See Grottveit, supra.* Accordingly, in the absence of competent medical evidence linking his alcohol and drug dependence to his service-connected PTSD, the Court holds that the claim is not well grounded. *See Robinette* and *Grottveit*, both *supra; see also Edenfield v. Brown*, 8 Vet.App. 384, 390 (1995) (en banc) (where Board mistakenly concludes that claim was well grounded and proceeds to deny claim on merits, such denial is not prejudicial to appellant and is affirmed on appeal to this Court).

## II.

█ In the alternative, the appellant relies on 38 U.S.C. § 1154(b) for the proposition that as a combat veteran he should be entitled to use lay evidence to support his claim that his alcohol and drug abuse is the result of his service-connected PTSD. Section 1154(b) states:

(b) In the case of any veteran who engaged in combat with the enemy in active service with a military, naval, or air organization of the United States during a period of war, campaign, or expedition, the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service *satisfactory* lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran. Service[ ]connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary. The reasons for granting or denying service[ ]connection in each case shall be recorded in full.

38 U.S.C. § 1154(b) (emphasis added). The implementing regulation is found at 38 C.F.R. § 3.304(d) (1995). The statute requires that the disease or injury for which service connection is sought be related to combatant service. However, primary service connection for alcohol and drug abuse is specifically precluded because it is considered to be "willful misconduct." *See* 38 U.S.C. §§ 105, 1110; *see also Gabrielson v. Brown*, 7 Vet.App. 36, 41 (1994) (alcohol dependence is deemed by statute to be result of willful misconduct and cannot itself be service connected). Moreover, the language of section 1154(b) does not seem reasonably susceptible to the view that it applies to claims where secondary service connection is sought. *See* 38 C.F.R. § 3.310(a). The sole relationship identified in section 1154(b) is that between a disease or injury and combat, not one between two diseases.

■ Even assuming that section 1154(b) can be applied to secondary service connection claims, the appellant's secondary service connection claim is still not well grounded. In its recent decision, *Collette v. Brown,* 82 F.3d 389 (Fed.Cir.1996), the Court of Appeals for the Federal Circuit set forth a three-step sequential test interpreting section 1154(b) that, if met, provides a rebuttable presumption of service connection. Under the first step, "it must be determined whether the veteran has proffered 'satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease.'" Under the second step, "it must be determined whether the proffered evidence is 'consistent with the circumstances, conditions, or hardships of such service.'" Finally, under the third step, "it must be determined whether the government has met its burden of rebutting the presumption of service-connection by 'clear and convincing evidence to the contrary.'" *Id.* at 393 (quoting 38 U.S.C. § 1154(b)).

It is unclear whether in setting forth this analysis the Federal Circuit intended to alter the medical nexus requirement set forth in *Caluza v. Brown,* 7 Vet.App. 498, 507 (1995), *aff'd per curiam,* 78 F.3d 604 (Fed.Cir.1996) (table) (holding that section 1154(b) relates only to what happened in service ("what happened then") and does not excuse need for medical evidence of nexus to service, and that term "service connection" in that statute means "service incurrence or aggravation.") The Federal Circuit's silence regarding this issue, in the face of its positive affirmation of *Caluza* with respect to the meaning of "satisfactory" evidence, as indicated below, and its holding, as *Caluza* had suggested, 7 Vet.App. at 510–12, that the weighing of contrary evidence cannot be considered under § 1154(b) as part of the first two steps but only as part of rebuttal of service incurrence under the clear-and-convincing evidence standard, can be fairly read as not affecting *Caluza's* medical nexus analysis, a reading that the Court adopts. However, the three-step test, as set forth above, could also be read to supplement *Caluza's* medical nexus analysis. Assuming that supplementation was intended, the following combined methodology results.

In *Collette,* the Federal Circuit quoted the language of section 1154(b), and construed satisfactory evidence, in accordance with this Court's definition in *Caluza,* 7 Vet.App. at 510, as credible evidence. *See Collette,* 82 F.3d at 393. In general, this Court has held that with respect to certain diseases or injuries susceptible to lay observation, lay evidence of service connection is sufficient. *See Falzone v. Brown,* 8 Vet.App. 398, 403 (1995) (holding that pes planus (flat feet) is type of condition that lends itself to observation by lay witness). This Court has also held, however, that medical evidence is required where lay evidence is not sufficient to establish service connection. *See Robinette,* 8 Vet. App. at 75 (establishing that medical evidence is needed to show nexus between diabetes mellitus and service); *Grottveit,* 5 Vet. App. at 93 (finding that medical evidence is needed to show relationship between veteran's service-connected rheumatoid arthritis and his quadriplegia). In sum, in certain cases lay evidence will satisfy the first step under *Collette,* but in other cases medical evidence will be required.

Here, the question centers on the relationship of one condition to another—i.e., the relationship of the appellant's service-connected PTSD and his current alcohol and drug abuse. Such a relationship is not susceptible to informed lay observation and thus, for there to be credible evidence of such a relationship, medical evidence is required. *See, e.g., Reiber v. Brown,* 7 Vet. App. 513, 516 (1995) (requiring medical evidence showing relationship between fall due to service-connected left ankle disability and claimed secondary service connection for back condition); *Schroeder v. Brown,* 6 Vet. App. 220, 224 (1994) (holding that claimant had submitted necessary medical evidence for secondary service connection showing relationship between his service-connected hand disability and subsequent right wrist injury) (1993); *Proscelle,* 2 Vet.App. at 633 (requiring medical evidence showing relationship between service-connected maxillary fracture and claimed secondary service connection for psychiatric disorder). Therefore, assuming that *Collette* was intended to supplement *Caluza,* the appellant has not met the first step required by *Collette,* because he

has not provided credible ("satisfactory") evidence that his service-connected PTSD caused his alcohol and drug abuse.

Accordingly, for all of the above alternative reasons, the Court holds that consideration of section 1154(b) does not make the appellant's claim well grounded.

### III.

Finally, in his pleadings, the appellant, through counsel, argues that the Board's decision contains numerous errors; inter alia, he argues that the BVA decision is predicated upon the erroneous conclusion that the appellant's drug and alcohol problems existed prior to service; and that the Board erred by employing its own unsubstantiated medical opinion as to whether the appellant's alcohol and drug dependence resulted from his service-connected PTSD, *see Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991). The Court need not rule on these alleged errors, however, because, as set forth in parts I. and II. above, the appellant's claim is not well grounded and any adjudication errors committed by the BVA are nonprejudicial. *See* 38 U.S.C. § 7261(b); *Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1991).

### IV.

Upon consideration of the foregoing, the May 10, 1993, BVA decision is **AFFIRMED.**

NEBEKER, *Chief Judge,* concurring:

The majority purports to promulgate a holding that is predicated upon an assumption (*see ante* at 524, "[A]ssuming that section 1154(b) can be applied to secondary service connection claims") and which is therefore, in my view, simply dicta. They "hold" that Mr. Libertine's claim is not made well grounded by the application of section 1154(b), interpreted in light of the recent Federal Circuit decision in *Collette, supra.* I submit that, given the facts of the instant case, section 1154(b) and consequently the *Collette* discussion, are not applicable. Mr. Libertine's own statements are insufficient to well ground his claim for secondary service connection for his drug and alcohol problems. Section 1154(b) is simply irrelevant. His drug and alcohol problems were not incurred while he was engaged in combat with the enemy, and thus any attempt to reconcile section 1154(b) and *Collette* with this claim is unnecessary. Therefore, to the extent that the majority assumes applicability of section 1154(b) in this case, I respectfully dissociate myself.