Citation Nr: 1237384 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 06-21 969 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in
Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for headaches, to include as secondary to service-connected disabilities.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

D. Bredehorst
INTRODUCTION

This matter came before the Board of Veterans' Appeals (Board) on appeal from a July 2005 rating decision of the Philadelphia RO.

In July 2009, a video conference hearing was held before the undersigned; a transcript of this hearing is associated with the claims file.

In September 2009 and August 2011, the matter was remanded for additional medical development.

The Board has reviewed the contents of the Veteran's Virtual VA file and found no medical or other evidence pertinent to this appeal that is not in his claims file. 


FINDING OF FACT

With resolution of the benefit of the doubt accorded to the Veteran, the Veteran's migraine headaches are caused by the service-connected sleep apnea.


CONCLUSION OF LAW

The criteria for service connection for headaches as proximately due to or caused by the service-connected sleep apnea have been approximated. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.310 (2011); Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc).


REASONS AND BASES FOR FINDING AND CONCLUSION

In this decision, the Board will discuss the relevant law which it is required to apply. This includes statutes enacted by Congress and published in Title 38, United States Code ("38 U.S.C.A."); regulations promulgated by VA under the law and published in the Title 38 of the Code of Federal Regulations ("38 C.F.R.") and the precedential rulings of the Court of Appeals for the Federal Circuit (as noted by citations to "Fed. Cir. ") and the Court of Appeals for Veterans Claims (as noted by citations to "Vet. App."). 

The Board is bound by statute to set forth specifically the issue under appellate consideration and its decision must also include separately stated findings of fact and conclusions of law on all material issues of fact and law presented on the record, and the reasons or bases for those findings and conclusions. See 38 U.S.C.A. § 7104(d); see also 38 C.F.R. § 19.7 (implementing the cited statute); see also Vargas-Gonzalez v. West, 12 Vet. App. 321, 328 (1999); Gilbert v. Derwinski, 1 Vet. App. 49, 56-57 (1990) (The Board's statement of reasons and bases for its findings and conclusions on all material facts and law presented on the record must be sufficient to enable the claimant to understand the precise basis for the Board's decision, as well as to facilitate review of the decision by courts of competent appellate jurisdiction. The Board must also consider and discuss all applicable statutory and regulatory law, as well as the controlling decisions of the appellate courts). 

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2011). 

Proper VCAA notice must inform the claimant of any information and evidence not of record that is necessary to substantiate the claim. The claimant should be informed as to what portion of the information and evidence VA will seek to provide, and what portion of such the claimant is expected to provide. Proper notification must also invite the claimant to provide any evidence in his possession that pertains to the claim in accordance with 38 C.F.R. § 3.159(b)(1). 

As discussed below, sufficient evidence is of record to grant the matter on appeal. Therefore, no further notice or development is needed with respect to this matter. 


Merits of the Claim

Service connection may be granted for a disability resulting from disease or injury incurred or aggravated during a Veteran's active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. 

Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Service connection may also be granted for disability that is proximately due to or the result of a service-connected disability. See 38 C.F.R. § 3.310(a). 

When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition. See 38 C.F.R. § 3.310(a); Harder v. Brown, 5 Vet. App. 183, 187 (1993). 

Secondary service connection shall be awarded when a disability is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Additional disability resulting from the aggravation of a non-service-connected condition by a service-connected condition is also compensable under 38 C.F.R. § 3.310(a). Libertine v. Brown, 9 Vet. App. 521, 522 (1996); see also Reiber v. Brown, 7 Vet. App. 513, 515-16 (1995); Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc).

In order to establish service connection for a claimed disability on a secondary basis, there must be (1) medical evidence of a current disability; (2) a service-connected disability; and (3) medical evidence of a nexus between the service-connected disease or injury and the current disability. Wallin v. West, 11 Vet. App. 509, 512 (1998).

Lay statements may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability, or symptoms of disability, susceptible of lay observation. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

The Veteran contends that his chronic headaches are related to his service-connected disabilities. In particular, he asserted that the headaches are caused by medication taken for the service-connected disabilities or pain associated with the disabilities. 

Based on the Veteran's contentions, the focus of the development throughout the course of the appeal has been on determining whether there is a nexus between the headaches and the Veteran's service-connected orthopedic disabilities, primarily his knees, or the medication he has taken for these disabilities. The record contains VA examinations in December 2004 and November 2009 that were found to be inadequate for reasons outlined in the Board's remand of September 2009 and August 2011. Additional VA examination reports of January and August 2012 have been added to the record that the Board also finds inadequate and not in compliance with the August 2011 Board remand. Although in most situations noncompliance with the Board's directives would automatically result in another remand, the Board finds that additional evidence has been added to the record that makes a remand unnecessary.

In March 2011, the Veteran was afforded a VA examination in relation to his service-connected sleep apnea. The physician indicated that symptoms associated with the sleep apnea included migraine headaches. In the comments section of the report, the physician again noted that the Veteran's migraine headaches were a residual of his sleep apnea. Although the VA examiner did not review the claims file, the Veteran's medical records were reviewed and since the only post-service medical records in the claims file are those generated by VA medical facilities the examiner had access to all pertinent records. Furthermore, since the matter involves secondary service connection, it was not necessary for the examiner to have access to the Veteran's service treatment records. The Board also observes that this physician previously conducted a VA examination in July 2007 and that the claims file was reviewed at that time. Thus, the Board finds that the physician appears to have ample knowledge of the Veteran's medical history to make an informed opinion. 

The Board also finds that even though the purpose of this examination was not to address the etiology of the Veteran's headaches, the VA examiner was in an ideal position to comment on the Veteran's headaches in relation to the sleep apnea because the purpose of the examination was to address the severity of the sleep apnea, which logically includes any related symptoms or conditions. The evidence is very relevant and probative to the matter because it addresses the primary disability, in this case sleep apnea, and all other secondary conditions associated with it, which in this case includes migraine headaches. Thus, all 3 elements involving secondary service connection are addressed.

In short, while there is unsatisfactory development with regard to a nexus between the Veteran's headache disorder and service-connected orthopedic disabilities, it would serve no useful purpose to remand the matter when the matter may be decided in the Veteran's favor based on the evidence of record. 

Under the "benefit-of-the-doubt" rule, where there exists "an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter," the veteran shall prevail upon the issue. Ashley v. Brown, 6 Vet. App. 52 (1993); see also Massey v. Brown, 7 Vet. App. 204 (1994). 

The mandate to accord the benefit of the doubt is triggered when the evidence has reached such a stage of balance. In this matter, the Board is of the opinion that this point has been attained. Because a state of relative equipoise has been reached in this case, the benefit of the doubt rule will therefore be applied and service connection for migraine headaches will be granted. See Alemany v. Brown, 9 Vet. App. 518 (1996); Brown v. Brown , 5 Vet. App. 413 (1993).



ORDER

Service connection for migraine headaches is granted.



____________________________________________
VITO A. CLEMENTI
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs