Citation Nr: 1706057 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 11-01 620 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUE

Entitlement to service connection for hypertension, including as secondary to herbicide exposure.


REPRESENTATION

Veteran represented by: California Department of Veterans Affairs


ATTORNEY FOR THE BOARD

S. Mahoney, Associate Counsel 






INTRODUCTION

The Veteran served on active duty in the United States Army from June 1967 to January 1970, with service in Vietnam. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. 

The Veteran withdrew his request for a hearing before the Board in August 2014. 38 C.F.R. § 20.704(e).

In November 2014 and in February 2016, the Board remanded the claim for further development. The Veteran's claims file has been returned to the Board for further appellate proceedings. 


FINDING OF FACT

Hypertension did not have its clinical onset in service or within one year of separation, and is not otherwise related to active duty, to include as a result of presumed herbicide exposure. 


CONCLUSION OF LAW

The criteria for entitlement to service connection for hypertension are not met. 38 U.S.C.A. §§ 1110, 1112, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2016).



REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran asserts that his current hypertension is related to service, including as a result of exposure to herbicide agents and combat-related injuries while in Vietnam. See January 2011 VA Form 9; see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303 (a). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). 

Certain chronic disabilities, including hypertension, are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C.A. §§ 1101, 1112, 1113 (West 2014); 38 C.F.R. §§ 3.307, 3.309(a). The option of establishing service connection through a demonstration of continuity of symptomatology is specifically limited to the chronic disabilities listed in 38 C.F.R. § 3.309(a). See 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (rejecting the argument that continuity of symptomatology in § 3.303(b) has any role other than to afford an alternative route to service connection for specific chronic diseases). 

For purposes of establishing service connection for a disability resulting from exposure to a herbicide agent, a veteran who, during active military, naval, or air service, served in the Republic of Vietnam beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the Veteran was not exposed to any such agent during that service. 38 C.F.R. 
§ 3.307(a)(6)(iii). Diseases presumptively associated with herbicide exposure do not include hypertension. 38 C.F.R. § 3.309(e), Note 2.

Even if a veteran is found not to be entitled to a regulatory presumption of service connection, the claim must still be reviewed to determine if service connection can be established on a direct basis. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

In the case of any Veteran who has engaged in combat with the enemy in active service during a period of war, satisfactory lay or other evidence that an injury or disease was incurred or aggravated in combat will be accepted as sufficient proof of service connection if the evidence is consistent with the circumstances, condition or hardships of such service, even though there is no official record of such incurrence or aggravation. Every reasonable doubt shall be resolved in favor of the Veteran. 
38 U.S.C.A. § 1154(b); 38 C.F.R. § 3.304(d). 

Here, the Veteran has a current diagnosis of hypertension. See March 2015 VA examination report. Therefore, the first element of service connection is met.

Regarding the second element of service connection, the Veteran's service treatment records do not identify any complaints, treatment for, or diagnosis of, hypertension or high blood pressure during service. During his January 1970 separation examination, the Veteran denied high blood pressure on his report of medical history. Clinical evaluation was normal. The Veteran's blood pressure was recorded as 132/70, which does not meet the criteria for hypertension. See 38 C.F.R. § 4.104, Diagnostic Code 7101, Note 1.

The Board acknowledges the Veteran's service as a door gunner in Vietnam, which is indicative of combat service. The Board thus concludes that the Veteran is entitled to the combat presumption and presumed exposure to herbicides, satisfying element two. To establish service connection, however, there must be medical evidence of a nexus between the current disability and the combat injury or herbicide exposure, or element three of service connection. See Dalton v. Nicholson, 21 Vet. App. 23 (2007); Libertine v. Brown, 9 Vet. App. 521, 523-24 (1996).

Regarding element three, nexus, the only competent opinion of record is against the claim. Initially, the Board notes that the March 2015 VA examiner opined that it was less likely than not that hypertension was related to the Veteran's service. As rationale, the examiner noted that the Veteran's service treatment records were completely silent for hypertension or elevated blood pressure readings, and that there were more than 20 years between the Veteran's separation from service and his diagnosis of hypertension. However, as noted in the Board's prior remand, the examiner did not address herbicide exposure. Accordingly, that opinion is inadequate.

The March 2016 VA examiner also specifically opined that it was less likely than not that the Veteran's hypertension was proximately due to or a result of Agent Orange exposure. In support of this conclusion, the examiner again highlighted the lack of evidence of hypertension in service or for 20 years thereafter. Additionally, the examiner noted that the Veteran's creatinine temporarily elevated in 2004, and then reverted back to normal, explaining this meant it was likely that the Veteran had essential hypertension, which is not caused by something else. Furthermore, the examiner found no evidence of renal failure or other medical conditions known to cause secondary hypertension. Finally, the examiner noted that current medical literature was insufficient allow for a nexus between herbicide exposure and hypertension. This opinion is highly probative, as it considers the Veteran's pertinent history and contains a detailed rationale.

There is no competent opinion to the contrary. To the extent that the Veteran asserts that his hypertension is caused by his combat service, the Board finds that je is not competent to do so, as the determination as to the etiology of a cardiovascular disease is a complex medical question is beyond the ken of a layperson. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). 

Additionally, there is no evidence that hypertension manifested to a compensable degree within a year of service to allow for presumptive service connection for chronic disease. Instead, as noted above the first evidence of hypertension is in the early 1990s, some 20 years after active duty. For similar reasons, a nexus through a continuity of symptomatology is not established. See Walker, supra. 

Accordingly, for reasons outlined above, the preponderance of the evidence is against the claim of entitlement to service connection for hypertension. In reaching this conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b).


ORDER

Entitlement to service connection for hypertension, including as secondary to herbicide exposure, is denied. 



____________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs