Citation Nr: 1719261 
Decision Date: 05/11/17 Archive Date: 06/06/17

DOCKET NO. 09-24 316 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Baltimore, Maryland


THE ISSUE

Entitlement to service connection for sleep apnea. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

P. Meehan, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1998 to December 2007.

This matter comes before the Board of Veteran's Appeals (Board) on appeal from an April 2008 rating decision of the Department of Veteran's Affairs (VA) Regional Office (RO) in Seattle, Washington. During the course of the Veteran's appeal, jurisdiction was transferred to the Baltimore, Maryland RO.

The case was appealed before the Board and was remanded in March 2015 for further development. Specifically, the Board requested that the Agency of Original Jurisdiction (AOJ) schedule a video-conference hearing for the Veteran before a member of the Board.

The RO complied with the remand instructions by scheduling a hearing, sending notice of the hearing on June 10, 2016, and a reminder notice on August 9, 2016. The Veteran failed to appear for the scheduled hearing and no request for postponement or rescheduling was received. The request for a hearing is therefore considered withdrawn. 


FINDING OF FACT

The Veteran's sleep apnea is etiologically related to service.


CONCLUSION OF LAW

Sleep apnea was incurred in service. 38 U.S.C.A. §§ 1101, 1110, 1131, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.310 (2016).
 
 
 REASONS AND BASES FOR FINDINGS AND CONCLUSION
 
Duties to Notify and Assist

Because the Veteran's claim is being granted in full, VA's duties to notify and assist are deemed fully satisfied and there is no prejudice to the Veteran in proceeding to decide the issue on appeal. See 38 U.S.C.A. §§ 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156, 3.159.

 Service Connection for Sleep Apnea

The Veteran originally sought service connection for sleep apnea on the basis that it was incurred directly in service. He later asserted that his sleep apnea was secondary to his other service-connected disabilities. Finally, he argues sleep apnea was due to his combat participation in Iraq. 

The term "service connection" applies to disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Entitlement to service connection on a primary basis requires (1) medical evidence of current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of disease or injury; and (3) medical evidence of a nexus between the in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Service connection on a secondary basis requires (1) evidence of a current nonservice-connected disability; (2) evidence of a service-connected disability; and (3) evidence establishing that the service-connected disability caused or aggravated the current nonservice-connected disability. 38 C.F.R. § 3.310 (a)(b); Wallin v. West, 11 Vet. App. 509, 512 (1998).

In the case of a veteran who engaged in combat with the enemy in a period of war, lay evidence of in-service incurrence or aggravation of a disease or injury shall be accepted if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the lack of official record of such incurrence or aggravation. See 38 U.S.C.A. § 1154 (b); Libertine v. Brown, 9 Vet. App. 521, 524 (1996); Collette v. Brown, 82 F.3d 389, 392-94 (Fed. Cir. 1996). The standard used to determine whether a veteran engaged in combat with the enemy is reasonable doubt, which is to be resolved in a veteran's favor. See VAOPGCPREC 12-99. 

In this case, the Veteran's receipt of an Air Medal with a "V" device (among other awards), substantiate his engagement in combat with the enemy for purposes of the combat rule. However, the provisions of 38 U.S.C.A. § 1154(b) can only provide a factual basis upon which to establish the occurrence of a particular disease or injury in service; they cannot be used to link the claimed disease or injury in service etiologically to a current disability. See Libertine, 9 Vet. App. at 522-23. It is important to note that the provisions of 38 U.S.C.A. § 1154(b) do not establish service connection for a combat veteran; rather, they relax the adjudicative evidentiary requirements for determining what happened in service. Clyburn v. West, 12 Vet. App. 296, 303 (1999).

 Analysis

The Veteran first claimed sleep apnea in December 2007.

The Veteran's voluminous service treatment records are silent to any complaint of, or treatment for sleep apnea. Despite the fact that the Veteran was diagnosed with asthma in service and the numerous references to nasal and sinus conditions, there is no mention of any reported symptoms negatively affecting the Veteran's sleep. 

After claiming entitlement to service connection for sleep apnea, a VA examination was scheduled to take place in January 2008. The Veteran failed to report and provided no good cause for missing his examination. 

However, in November 2008, within one year of discharge, the Veteran underwent a sleep disorder study with a private physician. Regarding the Veteran's disturbance of sleep assessment, the physician opined that, "The minimal oxygen saturation during the study was 90%. Snoring was present during the study. The apnea-hypopnea index was 21.6, and the respiratory disturbance index was 21.6. The periodic limb movement index with arousal was 0. There were no significant cardiac arrhythmias seen during the study." The physician concluded that the study was consistent with sleep apnea.

A statement from the Veteran's private physician was sent to VA in support of his appeal in a December 2011 letter. The letter noted that he was seen in 2008 and that the Veteran, "had indicated a long history of snoring with frequent nocturnal awakenings and concern regarding sleep apnea. However, he had not had [a] formal polysomnogram until he was under my care." 

In a March 2017 appellate brief, the Veteran's representative argues that his service treatment records reflect multiple sinus conditions, including his service-connected asthma, and a confirmed diagnosis of obstructive sleep apnea (OSA). They claim that, "A VA Examination or opinion should be obtained to determine if his OSA was caused by service OR if thee multiple sinus related conditions diagnosed during service (to also include the service-connected asthma) caused or aggravated his OSA." As explained below, the Board finds that there is already adequate evidence on record to properly adjudicate the claim.

Although the Veteran's service treatment records are silent as to any connection between the Veteran's service and his disorder, his private physician noted that during the November 2008 sleep study, the Veteran reported a long history of snoring. Regarding the Veteran's assertions, generally, lay evidence is competent with regard to identification of a disease with "unique and readily identifiable features" which are "capable of lay observation." See Barr v. Nicholson, 21 Vet. App. 303, 308-09 (2007). A lay person may speak to etiology in some limited circumstances in which nexus is obvious merely through observation, such as sustaining a fall leading to a broken leg. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). 

Lay persons may also provide competent evidence regarding a contemporaneous medical diagnosis or a description of symptoms in service which supports a later diagnosis by a medical professional. However, a lay person is not competent to provide evidence as to more complex medical questions, i.e., those which are not capable of lay observation. Lay statements are not competent evidence regarding diagnosis or etiology in such cases. See Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007) (concerning rheumatic fever); Jandreau, at 1377, n.4 ('sometimes the layperson will be competent to identify the condition where the condition is simple, for example a broken leg, and sometimes not, for example, a form of cancer'); see 38 C.F.R. § 3.159 (a)(2). 

Despite the fact that the Veteran is not competent to opine as to whether he suffered from sleep apnea, the Veteran's symptoms of the disorder (such as snoring) are capable of lay observation. Regarding the credibility of the self-reported history to the private physician mentioned above, "medical diagnosis or treatment" exception to the hearsay rule (Fed. R. Evid. 803) provides that "statements made to physicians for purposes of diagnosis and treatment are exceptionally trustworthy since the declarant has a strong motive to tell the truth in order to receive proper care." Recourse to the Federal Rules of Evidence is appropriate where they will assist in articulation of the Board of Veterans' Appeals' reasons. Rucker v. Brown, 10 Vet. App. 67 (1997). 

Based upon the diagnosis of sleep apnea in relative close proximity to separation of service, and the competent and credible report of a history of snoring that endorses a symptom of the disability while serving, the Board finds that there is at least an approximate balance of the evidence regarding whether sleep apnea may be attributed to the Veteran's service. Resolving all reasonable doubt in favor of the claim, the Board finds that it is.


ORDER

Service connection for sleep apnea is granted.



____________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs