Citation Nr: 1719227 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 09-12 389 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to service-connected disabilities.


REPRESENTATION

Appellant represented by: James Perciavalle, Agent


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

G. T. Raftery, Associate Counsel

INTRODUCTION

The Veteran served honorably on active duty with the United States Army from October 1965 to October 1967. The Veteran had service in the Republic of Vietnam and is the recipient of numerous awards and decorations, including the Bronze Star Medal, the Purple Heart Medal, and the Combat Infantryman Badge.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania which, in pertinent part, denied entitlement to service connection for hypertension.

In November 2008, the Veteran testified at a hearing before a Decision Review Officer (DRO) at the RO. A transcript of the hearing is of record.

This case was previously remanded for additional development in March 2013 and September 2015 and is now again before the Board for appellate consideration,


FINDINGS OF FACT

1. Hypertension was not manifest in service or within one year of discharge, and is otherwise unrelated to service.

2. Hypertension is not due to or aggravated by a service-connected disability.


CONCLUSION OF LAW

Hypertension was not incurred in service, may not be presumed to have been so incurred, and is not secondary to a service-connected disease or injury. 38 U.S.C.A. §§ 1101 , 1110, 1112, 1113, 1116 (West 2014); 38 C.F.R. §§ 3.303 , 3.307, 3.309, 3.310 (2016).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303 (a). Service connection may also be granted for any disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303 (d). 

Generally, in order to establish service connection, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical, or in certain circumstances, lay evidence of a nexus between the claimed in-service disease or injury and the current disability. See 38 C.F.R. § 3.303 (2016); see also Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Hickson v. West, 12 Vet. App. 247, 253 (1999); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009).

Service connection may also be established with certain chronic diseases, including hypertension, based upon a legal presumption by showing that the disorder manifested itself to a degree of 10 percent disabling or more within one year from the date of separation from service. Such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumptive period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time.

Additionally, service connection may be granted for disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310 (a). This includes any increase in disability (aggravation) that is proximately due to or the result of a service-connected disease or injury. Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either caused or aggravated by a service-connected disease or injury. Allen v. Brown, 7 Vet. App. 439 (1995) (en banc).

For VA purposes, hypertension means that the diastolic blood pressure is predominantly 90mm. or greater, and isolated systolic hypertension means that the systolic blood pressure is predominantly 160mm. or greater with a diastolic blood pressure of less than 90mm.

In this case, the Veteran asserts that his currently diagnosed hypertension is related to his active military service, either on a direct basis or due to his service-connected diabetes mellitus or post-traumatic stress disorder (PTSD). 

The evidence of record shows that the Veteran was diagnosed with hypertension in December 2006, and has received treatment for the condition ever since. See VA Primary Care Physician Note dated December 5, 2006. Therefore, the Veteran meets the first requirement of service connection, a current disability. 

However, the Veteran is unable to establish the second and third requirements of service connection-an in-service incurrence or aggravation of a disease or injury and a nexus between the in-service incurrence and the current disability. The Veteran's service treatment records (STRs) document an isolated elevated blood pressure reading on his entry exam but are otherwise silent for any diagnosis, complaint, or abnormal findings suggestive of high blood pressure or hypertension during active service. Indeed, though the Veteran noted having experienced high blood pressure on both his induction and discharge exams, his blood pressure readings decreased between induction and discharge. 

Moreover, the evidence of record contains no indication that the Veteran's hypertension manifested to a compensable degree within one year of his discharge from active service-indeed, the Veteran was first diagnosed with hypertension in December 2006, almost forty years after discharge.

The Veteran further contends that his hypertension was caused or aggravated by his service-connected diabetes mellitus or, alternatively, by his service-connected PTSD. 

The Board has taken this critical question very seriously. 

Accordingly, the Veteran was afforded multiple VA examinations and addendum opinions concerning whether the conditions are related. Regarding the issue of entitlement to service connection as secondary to diabetes, the Veteran was afforded VA examinations in May 2008 and April 2013 in which the examiners found that the evidence of record did not support a finding that his hypertension was connected to his service-connected diabetes. In a September 2016 addendum opinion issued after a review of the Veteran's complete claims file, the examiner concluded that it is less likely than not that the Veteran's hypertension was caused or aggravated by his service-connected diabetes mellitus, specifically reasoning that when the Veteran was first diagnosed with hypertension in December 2006, his diabetes was under control with oral medications. The examiner noted that the Veteran's hypertension has since been well controlled with medication management and has otherwise not been aggravated.

Regarding the issue of entitlement to service connection as secondary to PTSD, the Veteran was afforded a VA examination in 2013 in which the examiner found no evidence of record linking the Veteran's hypertension to his service-connected PTSD. In an August 2016 addendum opinion following a review of the Veteran's complete claims file, the examiner opined that it is less likely than not that the Veteran's hypertension was caused or aggravated by his service-connected PTSD, reasoning that there is no medical research or scientific evidence demonstrating a causal link suggesting that PTSD causes or aggravates hypertension. 

The Board notes that the evidence of record includes multiple medical treatise reports submitted for consideration by the Veteran's previous representative as part of a June 2015 Appellate Brief Presentation. These reports reference the possibility of a causal relationship between hypertension and both PTSD and diabetes mellitus. However, thorough review of the cited reports reveals no definitive answers concerning a direct causal link between the conditions; instead, the articles and studies refer only to a possible correlative relationship. While 38 C.F.R. § 3.159 (a)(1) provides that medical treatise evidence can constitute competent medical evidence under certain circumstances, medical evidence that is speculative, general, or inconclusive in nature cannot support a claim. See Obert v. Brown, 5 Vet. App. 30, 33 (1993); see also Beausoleil v. Brown, 8 Vet. App. 459, 463 (1996); Libertine v. Brown, 9 Vet. App. 521, 523 (1996). The information provided by the Veteran's representative is generic and does not relate specifically to the facts and circumstances surrounding this particular case. Consequently, this evidence holds less probative weight than the determinations of the VA examiners discussed above, who reviewed the evidence specific to this case and rendered opinions based on the entire record.

Ultimately, the Board finds the opinions of the VA examiners, medical professionals familiar with the facts specific to this Veteran's case, to be the most probative of record as to the current nature and etiology of the Veteran's hypertension, to include the relationship between his hypertension and his service-connected disabilities. Consequently, the Board finds that a preponderance of the evidence is against the Veteran's claim for service connection for hypertension. Because the preponderance of the evidence is against the Veteran's claim, the benefit of the doubt provision does not apply. Accordingly, the Board concludes that service connection for hypertension is not warranted.

The Board is grateful to the Veteran for his honorable service, and regrets that a more favorable outcome could not be reached.

Duties to Notify and Assist

Under the Veterans Claims Assistance Act of 2000 (VCAA), VA must comply with its duties to notify and assist. Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the Veteran of any information and medical or lay evidence necessary to substantiate the claim. 38 U.S.C.A. § 5103 (a); 38 C.F.R. § 3.159 (b). Proper notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 C.F.R. § 3.159 (b)(1). Such notice should also address VA's practices in assigning disability evaluations and effective dates for those evaluations. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). VA's duty to assist includes obtaining relevant records in the custody of a Federal department or agency under 38 C.F.R. § 3.159 (c)(2), as well as records not in Federal custody (e.g., private medical records) under 38 C.F.R. § 3.159 (c)(1). VA will also provide a medical examination if such examination is determined to be necessary to decide the claim. 38 C.F.R. § 3.159 (c)(4).

Here, VA satisfied its VCAA duty to notify by way of a letter sent to the Veteran in April 2008 that fully addressed all notice elements and was sent prior to the initial RO decision in this matter. The letter informed the Veteran of what evidence was required to substantiate the claim and of his and VA's respective duties for obtaining evidence. The letter also informed the Veteran how disability ratings and effective dates are established. Under these circumstances, the Board finds that the notification requirements of the VCAA have been satisfied as to both timing and content.

VA also satisfied its duty to assist the Veteran in this case. All identified and available treatment records have been secured. Moreover, in accordance with prior remand instructions, the Veteran was provided with additional VA addendum opinions concerning his hypertension in August and September 2016. The Veteran does not assert that VA violated its VCAA duties, that there are any outstanding records to be secured on his behalf, or that the VA addendum opinions to his previous examinations are inadequate.

Based on the foregoing, the Board finds that VA has complied with its VCAA duties to notify and assist.





ORDER

Service connection for hypertension, to include as secondary to service-connected disabilities, is denied.


JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs