﻿Citation Nr: 19172622
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 17-50 281
DATE: September 18, 2019

ORDER

Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD), is granted.

FINDING OF FACT

The Veteran’s acquired psychiatric disability is etiologically related to active service.

CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disability have been met. 38 U.S.C. §§ 1110, 1154, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active military service from November 2006 to April 2014, to include service in Southwest Asia. The Veteran’s awards and decorations for his service include a Combat Action Badge.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a September 2016 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). Jurisdiction of this appeal is currently with the RO in Winston-Salem, North Carolina.

In September 2019, the Veteran testified before the undersigned Veterans Law Judge.

The Board notes that the claim identified above as the claim of entitlement to service connection for an acquired psychiatric disability was adjudicated by the Agency of Original Jurisdiction as a claim of entitlement to service connection for PTSD. However, given the complex nature of mental health disabilities, the multiple mental health diagnoses of record, the Board has recharacterized the issue on appeal as a claim of entitlement to service connection for a psychiatric disability pursuant to Clemons v. Shinseki, 23 Vet. App. 1 (2009).

Service Connection – Acquired Psychiatric Disability 

The Veteran asserts that he has an acquired psychiatric disability, to include PTSD, that began in, or is etiologically related to his active service. Specifically, the Veteran reported he had symptoms of his PTSD that are a result of traumatic experiences during service that included engaging in combat with the enemy, and encountering improvised explosive devices (IEDs) during his two deployment tours. 

The Veteran’s DD Form 214 shows service in Iraq. The Veteran’s military occupational specialty (MOS) during his active service was as a Field Artillery Automated Tactical Data System Specialist. As noted above, the Veteran was awarded a Combat Action Badge, which is accepted as conclusive evidence of participation in combat operations. 

The Board notes that in the case of a Veteran who engaged in combat with the enemy in a period of war, lay evidence of in-service incurrence or aggravation of a disease or injury shall be accepted if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the lack of official record of such incurrence or aggravation. 38 U.S.C. § 1154 (b) (2012); Libertine v. Brown, 9 Vet. App. 521 (1996); Collette v. Brown, 82 F. 3d. 389 (Fed. Cir. 1996). The Board finds that the Veteran’s reports of engaging with the enemy and encountering IEDs during combat operations during his service in Iraq are consistent with the facts and circumstances of his service and concedes that the in-service injuries occurred as described.

The Veteran’s service treatment records are unremarkable for any diagnoses related to any mental health diagnoses. However, the Board notes that a February 2010 post-deployment questionnaire indicates the Veteran complained of persistent insomnia, and symptoms of anxiety. 

Post-service treatment records show that the Veteran was diagnosed with, and treated for, unspecified anxiety disorder, unspecified depressive disorder, and PTSD. Specifically, the Board notes that an August 2018 VA treatment record indicates the Veteran had a diagnosis of military PTSD with flashbacks, and depression. The Board also notes that the Veteran has consistently reported he had anxiety, insomnia, and symptoms of PTSD that started sometime after his last deployment in the summer of 2011. 

The evidence supporting the claim consists primarily of lay statements provided by the Veteran and from the Veteran’s mother. In a September 2017 lay statement submitted by the Veteran’s mother, W.D., W.D. stated she noticed changes in her son since departing the military, and Iraq. She stated he very rarely came around, always wanted to be alone, sat at home alone, and seldom interacted with others. She stated he developed a very short temper and was easily irritated; and required leaving and had to “go to his quiet zone.” She stated he had lost interest in people and activities he previously enjoyed, had difficulty with concentration, memory loss, and was easily stressed. She stated the Veteran rarely got a complete night of sleep, and had trouble initiating sleep. She stated the Veteran began having daily migraine headaches since his deployment to Iraq. 

In his September 2017 substantive appeal (VA Form 9), the Veteran reported he was personally present and experienced direct hostile enemy fire, served two tours in Iraq and engaged in combat with the enemy during both tours, and suffered from mental health symptomatology that began during active service and continued since. 

The evidence against the claim consists primarily of a negative opinion from a VA examiner. In June 2016, a VA examiner diagnosed unspecified anxiety disorder and unspecified depressive disorder. After examination of the Veteran, the VA examiner opined that the Veteran did not meet the full criteria for a diagnosis of PTSD. In a July 2016 VA addendum opinion, the examiner opined that the Veteran’s acquired psychiatric disability was less likely than not a result of active service. In that regard, the VA examiner noted that the Veteran only recently developed mental health symptomatology that did not relate to experience in combat or anything else that happened in the military. The examiner noted that the exact nature of the Veteran’s mental health problems could not be determined, and an association between his current symptomatology and his military service could not be established without resorting to mere speculation. In an August 2016 VA addendum opinion, the VA examiner opined that the Veteran’s acquired psychiatric disability was less likely than not a result of active service. In that regard, the examiner noted that the Veteran only recently developed mental health symptomatology, and those symptoms were not directly related to any particular experience in combat. The examiner noted the Veteran’s complaints of sleep disturbance during active service, but could not determine based on the record the etiology of such complaints. 

The Board finds that the VA examiners’ opinions are inadequate for adjudication purposes. In this regard, the examiners failed to address the lay statements and contentions regarding the onset and continuity of the Veteran’s symptoms and did not provide an adequate rationale for the conclusions reached. Further, the examiners do not appear to have adequately considered the Veteran’s participation in combat operations while serving in Iraq. Therefore, the Board finds that the examiners’ opinions have little, if any, probative value. 

Here, as noted above, the Veteran is competent to identify the circumstances of his combat experiences in-service; when he first experienced symptoms of insomnia, anxiety, and other mental health symptomatology; and that those symptoms have continued since service. Furthermore, his statements have been found credible. The Veteran has current diagnoses of unspecified anxiety disorder, unspecified depressive disorder, and PTSD. Furthermore, the Board has found the VA medical opinions of record to be inadequate. 

Accordingly, the Board finds that the evidence for and against the claim of entitlement to service connection for an acquired psychiatric disability is at least in equipoise. Therefore, reasonable doubt must be resolved in favor of the Veteran and entitlement to service connection for an acquired psychiatric disability is warranted. 38 U.S.C. § 5107 (b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Mariah N. Sim, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.